IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

ARMANDO RODRÍGUEZ-RODRÍGUEZ,

Defendant

CRIMINAL 10-0066 (CCC)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11(c)(1)(C) PROCEEDINGS (PLEA OF GUILTY)

**I.      Personal Background**

On April 21, 2010, Armando Rodríguez-Rodríguez, the defendant herein, was charged in all counts of a six-count superseding indictment with a forfeiture charge.  The defendant agrees to plea guilty to all counts and to the forfeiture count.

The defendant is charged in each count as follows:

In Count One the defendant did employ, use, persuade, induce, entice, or coerce a male minor to engage in sexually explicit conduct, specifically, lascivious exhibition of the genital areas and performing sexual acts, for the purpose of producing a visual depiction of such conduct, that is, still and video images, using

CRIMINAL 10-0066 (CCC)				2

a digital camera and computer which had been mailed, shipped or transported in interstate or foreign commerce.  All in violation of 18 U.S.C. § 2251(a).

In Count Two the defendant did employ, use, persuade, induce, entice, or coerce a male minor to engage in sexually explicit conduct, specifically, lascivious exhibition of the genital areas and performing sexual acts, for the purpose of producing a visual depiction of such conduct, that is, still and video images, using a digital camera and computer which had been mailed, shipped or transported in interstate or foreign commerce.  All in violation of 18 U.S.C. § 2251(a).

In Count Three the defendant did employ, use, persuade, induce, entice, or coerce a female minor to engage in sexually explicit conduct, specifically, lascivious exhibition of the genital areas and performing sexual acts, for the purpose of producing a visual depiction of such conduct, that is, still and video images, using a digital camera and computer which had been mailed, shipped or transported in interstate or foreign commerce.  All in violation of 18 U.S.C. § 2251(a).

In Count Four the defendant knowingly possessed one or more matters which contained visual depictions of a minor engaging in sexually explicit conduct, and such visual depictions had been mailed, shipped and transported using any means or facility of interstate and foreign commerce or in or affecting interstate and foreign commerce, or was produced using materials which had been mailed

CRIMINAL 10-0066 (CCC)                              3

and so shipped and transported, by any means including by computer, and the producing of such visual depictions involved the use of a minor engaging in sexually explicit conduct and were of such conduct; that is, defendant knowingly possessed in his computers and other electronic media images of actual minors engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), such as, visual depictions of the lascivious exhibition of the genital areas of minors and simulated or actual sexual acts with minors.  All in violation of 18 U.S.C. § 2252(a)(4)(B).

In Count Five the defendant did employ, use, persuade, induce, entice, or coerce a male minor to engage in sexually explicit conduct, specifically, lascivious exhibition of the genital areas and performing sexual acts, for the purpose of producing a visual depiction of such conduct, that is, still and video images, using a digital camera and computer which had been mailed, shipped or transported in interstate or foreign commerce.  All in violation of 18 U.S.C. § 2251(a).

In Count Six defendant did employ, use, persuade, induce, entice, or coerce a male minor to engage in sexually explicit conduct, specifically, lascivious exhibition of the genital areas and performing sexual acts, for the purpose of producing a visual depiction of such conduct, that is, still and video images, using a digital camera and computer which had been mailed, shipped or transported in interstate or foreign commerce.  All in violation of 18 U.S.C. § 2251(a).

CRIMINAL 10-0066 (CCC)             4

In the Forfeiture allegation, defendant if convicted of any of the offenses set forth above, shall forfeit to the United states any and all materials or property used or intended to be used in the possession and/or production of child pornography.  Such property includes, but is not limited to, the following specific items: Black "ZT" Laptop Computer; 2 GB Panasonic SD Card; 4 GB Toshiba SD Card; Kodak Z740 Digital Camera.  All in violation of 18 U.S.C. § 2253.

Defendant filed a motion for change of plea on November 30, 2010. (Docket No. 50.)

**II.   Consent to Proceed Before a Magistrate Judge**

On December 21, 2010, while assisted by Yasmín Irizarry, Assistant Federal Public Defender, the defendant, by consent, appeared before me in order to change his previous not guilty plea to a plea of guilty as to all counts of the indictment.

In open court the defendant was questioned as to the purpose of the hearing being held. The defendant responded that the purpose of the hearing was to plead guilty.  The defendant was advised of his right to have all proceedings, including the change of plea hearing, before a United States district judge. Defendant was given notice of:  (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful (he was also explained that the consequences

CRIMINAL 10-0066 (CCC)					5

of lying under oath could lead to a perjury charge); and (c) his right to have the change of plea proceedings presided over by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consent to proceed before this magistrate judge.

**III.	Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

**A.	Compliance With Requirements Rule 11(c)(1)**

> Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

In response to further questioning, defendant was explained and he understood that if convicted on Counts One, Two, Three, Five and Six of the superseding indictment, he was exposed to a term of imprisonment of at least 15 years but less than 30 years for each count, a fine not to exceed $250,000, and a term of supervised release of at least five years up to life.

CRIMINAL 10-0066 (CCC)                         6

As to Count Four, the defendant understands that he may be sentenced to a term of imprisonment which may not be more than 10 years, a fine not to exceed $250,000, and a term of supervised release of at least five years up to life.

The parties agree to recommend that the defendant be sentenced to 300 months, that is, 25 years in prison if he is a Criminal History Category I and to the lower end of the guidelines' range if he is a Criminal History Category II or higher. The defendant further agrees to plead guilty to the cases he has pending in the Commonwealth of Puerto Rico and that the sentence imposed, which defendant agrees is 15 years and one day, will run consecutively to the sentence imposed in this case.

Any material breach of this plea agreement, the United States will be able to request the withdrawal of the plea agreement.

Defendant acknowledges that by pleading guilty and entering into this plea he will have to register as a sex offender.  Defendant further understands that his status as sex offender, and related information, will be made public.

Defendant agrees to forfeit to the United States and to relinquish all rights, title and interest defendant may have in any and all materials or property used or intended to be used in the possession and/or production of child pornography.

CRIMINAL 10-0066 (CCC)                    7

Prior to or at the time of defendant's sentencing, defendant shall pay a special assessment of $100.

The court may also order defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered.  The court may also impose restitution to the victims.  If restitution is imposed, defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States.

Defendant acknowledges that the court may impose a sentence in accordance with the applicable provisions of the Sentencing Guidelines, 18 U.S.C. § 3551 et seq., which are now advisory.  The defendant acknowledges and is aware that parole has been abolished and the imposition of sentence may not be suspended.  The defendant is also aware that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the court may accept or reject the plea agreement, or may defer its decision as to its acceptance or rejection until it has considered the presentence report.  If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, and afford the defendant an opportunity to withdraw the guilty plea and advise the defendant that if the defendant persists in a guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated in the plea agreement.  In

CRIMINAL 10-0066 (CCC)                     8

addition, as part of the terms and conditions of this plea agreement, the parties agree that, should the court reject the plea agreement, the United States reserves the right to withdraw from its obligations under the same.

Defendant was explained what the supervised release term means. It was emphasized that cooperation with the United States Probation officer would assist the court in reaching a fair sentence.

Emphasis was made on the fact that at this stage, no prediction or promises as to the sentence to be imposed could be made by anyone. Defendant responded to questions in that no promises, threats, inducements or predictions as to what sentence will be imposed have been made to him.

**B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no comment could be made by the prosecution in relation to his decision not to testify.

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

CRIMINAL 10-0066 (CCC)	9

    4.   To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of competent evidence.

    5.   To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

### C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and would be convicted solely on his statement that he is guilty.

Furthermore, that when he were under supervised release, and upon violating the conditions of such release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

### D. Plea Agreement

CRIMINAL 10-0066 (CCC)  10

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

1. The plea agreement is not binding upon the sentencing court.

2. The plea agreement is an "agreement" between the defendant, defense attorney and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4. The defendant understands that if the court accepts this agreement and sentences defendant according to its terms and conditions, defendant waives and surrenders his right to appeal the conviction and sentence in this case.

Defendant acknowledged having understood this explanation.

**E. Government's Evidence (Basis in Fact)**

The government presented a proffer of its evidence with which the defendant concurred.

CRIMINAL 10-0066 (CCC)                           11

Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offenses charged.

### F. Voluntariness

The defendant accepted that no leniency had been promised, no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.  He came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which it would prove if the case had proceeded to trial.

## IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to all counts of the superseding indictment.

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that the defendant Armando Rodríguez-Rodríguez is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.

CRIMINAL 10-0066 (CCC)                          12

Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to all counts of the superseding indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court within five (5) days of its receipt. Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

At San Juan, Puerto Rico, this 23d day of December, 2010.

                                    S/ JUSTO ARENAS
                           Chief United States Magistrate Judge