## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,
     Plaintiff,

  v.

**ARMANDO RODRIGUEZ-RODRIGUEZ,**
     Defendant.

CRIMINAL NO. 10-66 (CCC)

### UNITED STATES' MOTION *IN LIMINE*

The United States of America (the "United States"), by and through the undersigned attorneys, respectfully files this Motion *in Limine* (the "Motion in Limine"), pursuant to Fed. R. Crim. P. 12(b), to prohibit the defendant (the "Defendant") from arguing or presenting evidence that (1) he lacked knowledge of, or was mistaken about, the age of the minor victims, (2) the minor victims were in any way predisposed to sexual activity or somehow consented to having their likeness captured while engaging in sexually explicit conduct, or (3) if convicted, the Defendant faces a mandatory minimum sentence, pursuant to Title 18, United States Code, Section 2251(a). In support of this Motion *in Limine*, the United States hereby states and prays a follows:

**I.    KNOWLEDGE OF THE VICTIMS' AGES IS NOT AN ELEMENT OF A CHARGE UNDER TITLE 18, *UNITED STATES CODE*, SECTION 2251 AND EVIDENCE DEMONSTRATING AN ABSENCE OF SUCH KNOWLEDGE IS WHOLLY IRRELEVANT**

The Defendant in this case has been charged in a Superseding Indictment with five (5) counts of production of child pornography, in violation of Title 18, United States Code, Section 2251(a), and one (1) count of possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

United States' Motion *in Limine*
United States v. Armando Rodríguez-Rodríguez
July 13, 2012

Section 2251(a) provides, in relevant part, as follows:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce . . . with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Title 18, United States Code, Section 2251(a).

In United States v. X-Citement Video, Inc., 513 U.S. 64 (1994), the United States Supreme Court analyzed Title 18, United States Code, Sections 2251 and 2252 and concluded, albeit in *dicta*, that Section 2251(a) contains no knowledge requirement as to the victim's age.  In X-Citement Video, the Court looked to legislative history when interpreting 18 U.S.C. §2252, which prohibits "knowingly" shipping, receiving, or distributing images of minors engaging in sexually explicit conduct.  See, H.R.Rep. No. 95–811, at 5 (1977) (Conf. Rep.);[1] see also S.Rep. No. 95–601, at 5

---

[1] The relevant section from H.R.Rep. No. 95–811, at 5 (1977) (Conf. Rep.) (emphasis added), provides as follows:

> The Senate Bill contains an express requirement in proposed section 2251(a) that the crime be committed 'knowingly.' The House amendment does not. The Conference substitute accepts the House

United States' Motion *in Limine*
United States v. Armando Rodríguez-Rodríguez
July 13, 2012

(1977).  In contrasting §2252 with §2251(a), the Court pointed out that in 1977 when Congress

amended the two statutes "the new bill retained the adverb 'knowingly' in §2252 while

simultaneously deleting the word 'knowingly' from §2251(a)."  See United States v. Fletcher, 634

F. 3d 395, 400 (7th Cir. 2011) cert. filed (May 09, 2011)(NO. 10-10562) (citing X–Ciment Video,

513 U.S. at 76).  This deletion, the Court said, was intended to reflect Congress' "intent that it is not

a necessary element of a prosecution [under § 2251(a)] that the defendant knew the actual age of the

child." X-Ciment Video at 76 (quoting S.Rep. No. 95–601, at 5 (1977)).  The Court observed that

such an omission made sense in light of "the reality that producers are more conveniently able to

ascertain the age of performers." Id. at 77 n.5.

As of today, this conclusion of law has been adopted by nine circuits, all of which have

explicitly held that scienter as to the victim's minority status is not an element of this offense, but

rather the victim's actual age is the controlling factor.  United States v. Humphrey, 2010 U.S.

App. LEXIS 11991, *9 (**6th Cir**. 2010) ("We find the reasoning of the majority of our sister

circuits to be persuasive and adopt it as our own."); United States v. Malloy, 568 F.3d 166,

172 (**4th Cir.** 2009) ("A defendant's awareness of the victim's minority is not an element of

the offense."); United States v. Wilson, 565 F.3d 1059, 1064 n.2 (**8th Cir.** 2009), cert.

denied, 130 S. Ct. 1052 (2010) ("Scienter is an element of the crime of possessing, but not

_____

provision with the intent that it is not a necessary element of a
prosecution that the defendant knew the actual age of the child.

See also S. Rep. No. 95–601, at 5 (1977).

-3-

producing, child pornography"); United States v. Deverso, 518 F.3d 1250, 1257 (**11th Cir.**

2008) ("We…hold that knowledge of age is not an element of this offense"); United States

v. Johnson, 376 F.3d 689, 693 (**7th Cir.** 2004) ("It is true that the commission of the

completed offense under §2251(a), …contains no requirement that the defendant know that

the performer is a minor"); United States v. Griffith, 284 F.3d 338, 349 (**2d Cir.** 2002), cert.

denied, 537 U.S. 986 (2002) ("We [ ] reject the Griffiths' argument that the district court's

charge to the jury omitting scienter of age under §2251(a) was erroneous"); United States v.

Crow, 164 F.3d 229 (**5th Cir.** 1999), cert. denied, 526 U.S. 1160 (1999) ("Crow's assertion

that section 2251(a) is unconstitutional because it lacks a scienter requirement is meritless");

Gilmour v. Rogerson, 117 F.3d 368, 370 (**8th Cir.** 1997), cert. denied, 118 S. Ct. 1066

(1998) ("In construing criminal statutes that protect children from sexual predators, however,

the child's age is a long-established exception to the general rule that proof of mens rea is

required…"); United States v. United States Dist. Court for Cent. Dist., 858 F.2d 534, 538

(**9th Cir.** 1988) ("The defendant's awareness of the subject's minority is not an element of

the offense"); United States v. Reedy, 632 F. Supp. 1415, 1423 (W.D. Okla. 1986), aff'd, 845

F.2d 239 (**10th Cir.** 1988) ("In deference to legislative intent and because this Court finds

no constitutional requirement that knowledge of the victim's age is a necessary element of

a prosecution, this Court rejects Reedy's contention to the contrary"). Unfortunately,

however, the First Circuit has not been instructive on the issue.  Nevertheless, based on all

United States' Motion *in Limine*
United States v. Armando Rodríguez-Rodríguez
July 13, 2012

of the jurisprudence above, it appears well-settled that a defendant's knowledge of the minority status of the victim is **NOT** an element of the crime of production of child pornography under 18 U.S.C. §2251.  As such, evidence presented at trial regarding the defendant's lack of knowledge of the victims' ages would be totally and completely irrelevant and would simply serve as a inappropriate tool for promoting jury nullification.

II.     **THE FACT THAT THE VICTIM(S) MAY BE PREDISPOSED TO SEXUAL ACTIVITY OR MAY HAVE CONSENTED TO THE PRODUCTION OF CHILD PORNOGRAPHY IS IRRELEVANT**

    A.     **Federal Rule of Evidence 412**

Rule 412 of the Federal Rules of Evidence, entitled "Sex Offense Cases; Relevance of Alleged Victim's Past Sexual Behavior or Alleged Sexual Predisposition," provides in relevant part as follows:

> (a) Evidence generally inadmissible.
>
> The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):
>
> > (1) Evidence offered to prove that any alleged victim engaged in other sexual behavior.
> >
> > (2) Evidence offered to prove any alleged victim's sexual predisposition.

In this case, the United States cannot fathom what defense, if any, will be raised at trial. Nevertheless, in an abundance of caution, the United States submits that the Defendant should be prohibited *in limine* from presenting any evidence that contravenes Rule 412 of the Federal Rules of Evidence.

United States' Motion *in Limine*
United States v. Armando Rodríguez-Rodríguez
July 13, 2012

###### B.      Evidence of the Possible Consent of the Minor Victims is Irrelevant

It is well-established that "[m]inors lack the capacity to consent, [] [therefore], sexual contact with a minor is always 'without consent.'"  United States v. Ballinger, 2011 WL 797379 (S.D. Ill. Feb. 28, 2011) (quoting United States v. Rogers, 587 F.3d 816 (7th Cir. 2009)) (emphasis added); see also, United States v. Abad, 350 F.3d 793, 798 (8th Cir. 2003) ("The consent or willing participation of the 13-year old girl is insignificant and hardly relevant.").  Courts have routinely extended the concept of minors not being able to consent to cases involving such charges as (i) the sexual exploitation of a child, (ii) distribution of child pornography, and (iii) possession of child pornography, see United States v. Raplinger, 555 F.3d 687, 692 (8th Cir. 2009), as well as (iv) charges of production of child pornography.  See United States v. Ballinger, 2011 WL 797379 (S.D. Ill. Feb. 28, 2011); United States  v. Street, 531 F.3d 703, 708 (8th Cir. 2008) (affirming the district court's exclusion of consent evidence as irrelevant in a prosecution under 18 U.S.C. §2251(a)).

In this case, because evidence of the consent of the minor is irrelevant to a charge of production of child pornography, the United States respectfully requests that the Defendant be prohibited from arguing or presenting evidence at trial suggesting that (i) the victims have a predisposition to sexual activity, or (ii) the victims' consent constitutes a viable defense to the charges in this case.

### III.      DEFENDANT SHOULD BE PROHIBITED FROM INFORMING THE JURY THAT, IF CONVICTED, HE FACES A MANDATORY MINIMUM SENTENCE

It is well-established that when a jury has no sentencing function, it should be admonished to "reach its verdict without regard to what sentence might be imposed."  United States v. Shannon, 512 U.S. 573, 579 (1994) *quoting*, Rogers v. United States, 422 U.S. 35, 40, 95 S. Ct. 2091, 2095,

United States' Motion *in Limine*
United States v. Armando Rodríguez-Rodríguez
July 13, 2012

45 L. Ed.2d 1 (1975).  The principle that juries are not to consider the consequences of their verdicts

is a reflection of the basic division of labor in our legal system between judge and jury.  Shannon at

579.  The jury's function is to find the facts and to decide whether, on those facts, the defendant is

guilty of the crime charged.  Id.  The judge, by contrast, imposes sentence on the defendant after the

jury has arrived at a guilty verdict.  Id.  Information regarding the consequences of a verdict is

therefore irrelevant to the jury's task.  Id.  Moreover, providing jurors sentencing information invites

them to ponder matters that are not within their province, distracts them from their fact finding

responsibilities, and creates a strong possibility of confusion.  Id.; see also, Pope v. United States,

298 F.2d 507, 508 (5th Cir. 1962);  cf. Rogers, 422 U.S., at 40, 95 S. Ct., at 2095.

In Shannon v. United States, 512 U.S. at 573, the United States Supreme Court considered

the question of whether a federal district court is required to instruct the jury regarding the

consequences to the defendant of a verdict of "not guilty by reason of insanity" either under the

Insanity Defense Reform Act of 1984 or as a matter of general federal practice.  In concluding that

a district court is **NOT** required to so instruct the jury, the Court said that "[o]ur central concern here

is that the inevitable result of such an instruction would be to draw the jury's attention toward the

very thing-the possible consequences of its verdict-it should ignore."  Shannon at U.S. 586, S. Ct.

2428.  The Court went on to say that:

> [A]s a general matter, jurors are not informed of mandatory minimum
> or maximum sentences, nor are they instructed regarding probation,
> parole, or the sentencing range accompanying a lesser included
> offense. See United States v. Thigpen, 4 F.3d 1573, 1578 (11th Cir.
> 1993) (*en banc*), cert. pending, No. 93-6747; United States v. Frank,

United States' Motion *in Limine*
United States v. Armando Rodríguez-Rodríguez
July 13, 2012

956 F.2d 872, 879 (9th Cir. 1991), cert. denied, 506 U.S. 932, 113 S.
Ct. 363, 121 L. Ed.2d 276 (1992).

Id.  See also, United States v. Polouizzi, 564 F.3d 142, 162 (2d Cir. 2009) (district court acted within its discretion by declining to instruct jury on mandatory minimum sentence.)

Notwithstanding this general rule, the Court in Shannon did recognize that a jury instruction of some form may be necessary under certain very limited circumstances.  For example, the Court added that,

> [i]f . . . a witness or prosecutor states in the presence of the jury that a particular defendant would "go free" if found [not guilty by reason of insanity ("NGI")], it may be necessary for the district court to intervene with an instruction to counter such a misstatement.  The appropriate response, of course, will vary as is necessary to remedy the specific misstatement or error.  We note this possibility merely so that our decision will not be misunderstood as an absolute prohibition on instructing the jury with regard to the consequences of an NGI verdict.

Id. at U.S. 587-88, and S. Ct. 2428.

In this case, because there is nothing remotely similar to the very limited circumstance describe above, and because informing the jury of the applicability of the mandatory minimum sentence would be inviting them to consider issues outside their purview, the United States respectfully requests that Defendant be prohibited from mentioning, arguing or informing the jury in way as to the possibility of the defendant receiving a mandatory minimum sentence if convicted in this case.

-8-

United States' Motion *in Limine*
<u>United States</u> v. <u>Armando Rodríguez-Rodríguez</u>
July 13, 2012

**WHEREFORE**, the United States of America respectfully requests that the Court issue an

**ORDER** prohibiting the Defendant from arguing or presenting evidence at trial that (1) the

Defendant lacked knowledge of, or was mistaken about, the age of the minor victims, (2) the victims

have any predisposition to sexual activity, (3) the victims consented to having their likeness captured

while engaging in sexually explicit conduct, and (4) if convicted, the Defendant faces a mandatory

minimum sentence.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 13th day of July, 2012.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

*s/Jenifer Y. Hernandez*
Jenifer Y. Hernandez
USDC-PR No. 216002
Assistant United States Attorney

*s/Marshal D. Morgan*
Marshal D. Morgan
USDC-PR No. 210901
Assistant United States Attorney
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico  00918
Tel: (787) 766-5656
Fax: (787) 766-6222
Email: marshal.d.morgan@usdoj.gov

United States' Motion *in Limine*
United States v. Armando Rodríguez-Rodríguez
July 13, 2012

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

s/Marshal D. Morgan
Assistant United States Attorney
USDC-PR No.  210901

-10-