RECEIVED&FILED
CLERK'S OFFICE

MAR 2 6 2013

US DISTRICT COURT
SAN JUAN, PR

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

ARMANDO RODRIGUEZ-RODRIGUEZ,

Defendant.

Criminal No. 10-66 (CC)



## PLEA AND FORFEITURE AGREEMENT
### (Pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C))

**TO THE HONORABLE COURT:**

COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodriguez-Vélez, United States Attorney for the District of Puerto Rico, José Ruiz-Santiago, Chief of the Criminal Division, Ernesto López-Soltero, Chief of the White Collar Crimes Unit, Jenifer Hernández, Assistant United States Attorney, and Marshal D. Morgan, Assistant United States Attorney, and defendant, **Armando Rodriguez-Rodriguez**, and defendant's counsel, **Francisco Adams-Quesada, Esq.**, pursuant to **Rule 11(c)(1)(C)** of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The defendant will plead guilty to **COUNTS ONE** through **SIX** of the Superseding Indictment and admit the Forfeiture Allegation, which provide as follows:

Plea Agreement
United States v. Armando Rodríguez-Rodríguez
Crim. No. 10-66 (CCC)

**COUNT ONE**- From in or about April, 2007 to in or about August, 2009, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, **ARMANDO RODRIGUEZ RODRIGUEZ,** the defendant herein did employ, use, persuade, induce, entice, or coerce a male minor, that is J.F.H., to engage in sexually explicit conduct, specifically, lascivious exhibition of the genital areas and performing sexual acts, for the purpose of producing a visual depiction of such conduct, that is, still and video images, using a digital camera and computer which had been mailed, shipped or transported in interstate or foreign commerce. All in violation of Title 18, United States Code, Section 2251(a).

**COUNT TWO** - From in or about June, 2005 to in or about January, 2010, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, **ARMANDO RODRIGUEZ RODRIGUEZ,** the defendant herein did employ, use, persuade, induce, entice, or coerce a male minor, that is J.A.C., to engage in sexually explicit conduct, specifically, lascivious exhibition of the genital areas and performing sexual acts, for the purpose of producing a visual depiction of such conduct, that is, still and video images, using a digital camera and computer which had been mailed, shipped or transported in interstate or foreign commerce. All in violation of Title 18, United States Code, Section 2251(a).

**COUNT THREE**- From in or about January, 2009 to in or about April, 2009, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, **ARMANDO RODRIGUEZ RODRIGUEZ,** the defendant herein did employ, use, persuade, induce, entice, or coerce a female minor, that is A.R.M., to engage in sexually explicit conduct, specifically, lascivious exhibition of the genital and performing sexual acts, for the purpose of producing a visual depiction of such conduct, that is, still and video images, using a digital camera and computer which had been mailed, shipped or transported in interstate or foreign commerce. All in violation of Title 18, United States Code, Section 2251(a).

Plea Agreement
United States v. Armando Rodríguez-Rodríguez
Crim. No. 10-66 (CCC)

**COUNT FOUR**- On or about January 28, 2010, in Bayamon, Puerto Rico, and within the jurisdiction of this Court, **ARMANDO RODRIGUEZ RODRIGUEZ,** the defendant herein, knowingly possessed one or more matters which contained visual depictions of a minor engaging in sexually explicit conduct, and such visual depictions had been mailed, shipped and transported using any means or facility of interstate and foreign commerce or in or affecting interstate and foreign commerce, or was produced using materials which had been mailed and so shipped and transported, by any means including by computer, and the producing of such visual depictions involved the use of a minor engaging in sexually explicit conduct and were of such conduct; that is: Armando Rodriguez Rodriguez, knowingly possessed in his computers and other electronic media  images of actual minors engaging in sexually explicit conduct, as defined in Title 18, <u>United States Code</u>, Section 2256(2), such as, visual depictions of the lascivious exhibition of the genital areas of minors and simulated or actual sexual acts with minors. All in violation of Title 18, <u>United States Code</u>, Section 2252(a)(4)(B).



**COUNT FIVE**-From in or about June, 2009 to in or about January, 2010, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, **ARMANDO RODRIGUEZ RODRIGUEZ,** the defendant herein did employ, use, persuade, induce, entice, or coerce a male minor, that is A.R.O., to engage in sexually explicit conduct, specifically, lascivious exhibition of the genital areas and performing sexual acts, for the purpose of producing a visual depiction of such conduct, that is, still and video images, using a digital camera and computer which had been mailed, shipped or transported in interstate or foreign commerce. All in violation of Title 18, <u>United States Code</u>, Section 2251(a).

**COUNT SIX**-From in or about July, 2008 to in or about January, 2010, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, **ARMANDO RODRIGUEZ RODRIGUEZ,** the

Plea Agreement
United States v. Armando Rodríguez-Rodríguez
Crim. No. 10-66 (CCC)

defendant herein did employ, use, persuade, induce, entice, or coerce a male minor, that is H.M.O., to

engage in sexually explicit conduct, specifically, lascivious exhibition of the genital areas and

performing sexual acts, for the purpose of producing a visual depiction of such conduct, that is, still and

video images, using a digital camera and computer which had been mailed, shipped or transported in

interstate or foreign commerce. All in violation of Title 18, United States Code, Section 2251(a).

**FORFEITURE ALLEGATION**-The allegations of Count One through Six of this Indictment are

re-alleged as if fully set forth here, for the purpose of alleging forfeiture, pursuant to Title 18, United

States Code, Section 2253. If convicted of any of the offenses set forth above, **ARMANDO**

**RODRIGUEZ RODRIGUEZ,** the defendant herein, shall forfeit to the United States any and all

materials or property used or intended to be used in the possession and/or production of child

pornography.   Such property includes, but is not limited to, the following specific items: Black

"ZT" Laptop Computer; 2 GB Panasonic SD Card; 4 GB Toshiba SD Card; Kodak Z740 Digital Camera.

In violation of Title 18, United States Code, Section 2253.

2.   **MAXIMUM PENALTIES**
The defendant understands that in relation to the violations of Title 18, United States Code,

Section 2251(a) charged in Counts One, Two, Three, Five and Six, that is, production of child

pornography, he may be sentenced to **a mandatory minimum of** fifteen (15) years imprisonment and a

maximum possible term of imprisonment of thirty (30) years for each count of conviction, a fine not to

exceed two hundred fifty thousand dollars ($250,000), and a term of supervised release of at least five (5)

years up to life pursuant Title 18, United States Code, Sections 2251(a)(2)(e), 3571(b)(3) and 3583(k).

Plea Agreement
United States v. Armando Rodríguez-Rodríguez
Crim. No. 10-66 (CCC)

The defendant understands that in relation to the violation of Title 18, <u>United States Code</u>, Section 2252(a)(4)(B), charged in Count Four, that is, possession of child pornography, he may be sentenced to a maximum term of imprisonment of up to **ten (10) years**, a fine not to exceed two hundred fifty thousand dollars ($250,000), and a term of supervised release of at least five (5) years up to life, pursuant Title 18, <u>United States Code</u>, Sections 2252(a)(4)(B), 3571(b)(3) and 3583(k).

**3. ADVISORY NATURE OF THE SENTENCING GUIDELINES**

The defendant is aware that pursuant to the United States Supreme Court decisions in <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

**4. SPECIAL MONETARY ASSESSMENT**

Prior to or at the time of sentencing, the defendant shall pay a special assessment of one-hundred dollars ($100.00), per count, as required by Title 18, <u>United States Code</u>, Section 3013(a).

**5. FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to Section 5E1.2(i) of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release. The defendant is aware that in some instances, the Court may impose restitution to the victim. As part of this plea agreement, and should the Court impose restitution upon the defendant, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500).

Plea Agreement
United States v. Armando Rodríguez-Rodríguez
Crim. No. 10-66 (CCC)

### 6.     RULE 11(c)(1)(C) WARNINGS

Pursuant to <u>Federal Rules of Criminal Procedure</u> 11(c)(1)(C), defendant understands that the sentence agreed to between the parties may or may not be in accordance with the advisory Sentencing Guidelines, Title 18 <u>United States Code</u>, Section 3551, *et. seq.* (hereinafter the "Guidelines") and may or may not be pursuant the statutory minimum imposed by statute.   The defendant understands that the parties have agreed to a specific sentence because all parties understand that it is the appropriate disposition of this case.   If the Court accepts this Plea Agreement, the Court is bound by the parties' sentencing recommendation.   However, the defendant understands that the Court may reject that recommendation.    <u>Fed.R.Crim.Pro.</u> 11(c)(5)(B).   If the Court rejects the recommendation, the defendant understands that he then may withdraw his guilty plea.   <u>Fed.R.Crim.Pro.</u> 11(c)(5)(B).   But if the Court rejects the Plea Agreement, and the defendant does not withdraw his guilty plea, the defendant understands that the Court may dispose of the case less favorably toward him than this Plea Agreement contemplated. <u>Fed.R.Crim.Pro.</u> 11(c)(5)(C).   In addition, should the Court reject the proposed sentence recommendation in this agreement, the United States would similarly have the right to withdraw from the plea agreement entirely.   The defendant also acknowledges that he is aware that parole has been abolished.

### 7.     SENTENCING GUIDELINES CALCULATIONS

Although the Guidelines are now advisory in nature, the sentencing court, in imposing sentence, is required to consider the Guideline "sentencing range established for the applicable category of the offense committed by the defendant". *United States v. Booker*, 125 S.Ct. 738 (2005).   Therefore, the

Plea Agreement
United States v. Armando Rodríguez-Rodríguez
Crim. No. 10-66 (CCC)

United States and the defendant submit the following Advisory Sentencing Guideline calculations as to

Counts One, Two, Three, Five and Six:[1]

| SENTENCING GUIDELINES CALCULATION TABLE<br>Title 18, U.S.C. Section 2251(a): **COUNT ONE/VICTIM J.F.H.:** | |
|---|---|
| **BASE OFFENSE LEVEL**<br>[U.S.S.G. § 2G2.1] | **32** |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(1)(B)] - material involved a minor who had attained the age of 12 years but not the age of 16. | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1 (b)(5)] – Because the defendant is a relative of the victim and the offense occurred while the minor was in the custody care or supervisory control of the defendant | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1 (b)(2)(A)] - offense involved commission of sexual act and sexual contact | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(6)] – use of a computer to entice and/or solicit participation with minor in sexually explicit conduct | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(4)] – offense involved material that portrays sadistic of masochistic conduct | +4 |
| **TOTAL BASE OFFENSE LEVEL** | **44** |

*ARR*

*RJR*

---

[1] Since Counts One, Two, Three, Five and Six involved different victims, they cannot be grouped together pursuant to USSG §2G2.1(d)(1).   However, Count Four will be grouped with Count One pursuant to USSG §3D1.2.

Plea Agreement
United States v. Armando Rodríguez-Rodríguez
Crim. No. 10-66 (CCC)

| SENTENCING GUIDELINES CALCULATION TABLE<br>Title 18, U.S.C. Section 2251(a): **COUNT TWO/VICTIM J.A.C.:** | |
|---|---|
| **BASE OFFENSE LEVEL**<br>[U.S.S.G. § 2G2.1] | **32** |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(1)(B)] - material involved a minor who had attained the age of 12 years but not the age of 16. | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1 (b)(2)(A)] - offense involved commission of sexual act and sexual contact | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(6)] – use of a computer to entice and/or solicit participation with minor in sexually explicit conduct | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(4)] – offense involved material that portrays sadistic of masochistic conduct | +4 |
| **TOTAL BASE OFFENSE LEVEL** | **42** |



| SENTENCING GUIDELINES CALCULATION TABLE<br>Title 18, U.S.C. Section 2251(a): **COUNT THREE/VICTIM A.R.M.:** | |
|---|---|
| **BASE OFFENSE LEVEL**<br>[U.S.S.G. § 2G2.1] | **32** |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(1)(B)] - material involved a minor who had attained the age of 12 years but not the age of 16. | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1 (b)(2)(A)] - offense involved commission of sexual act and sexual contact | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(6)] – use of a computer to entice and/or solicit participation with minor in sexually explicit conduct | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(4)] – offense involved material that portrays sadistic of masochistic conduct | +4 |
| **TOTAL BASE OFFENSE LEVEL** | **42** |

Plea Agreement
United States v. Armando Rodríguez-Rodríguez
Crim. No. 10-66 (CCC)

| SENTENCING GUIDELINES CALCULATION TABLE Title 18, U.S.C. Section 2251(a): COUNT FIVE/VICTIM A.R.O.: | |
|---|---|
| BASE OFFENSE LEVEL [U.S.S.G. § 2G2.1] | 32 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(1)(B)] - material involved a minor who had attained the age of 12 years but not the age of 16. | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1 (b)(2)(A)] - offense involved commission of sexual act and sexual contact | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(6)] – use of a computer to entice and/or solicit participation with minor in sexually explicit conduct | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(4)] – offense involved material that portrays sadistic of masochistic conduct | +4 |
| TOTAL BASE OFFENSE LEVEL | 42 |

| SENTENCING GUIDELINES CALCULATION TABLE Title 18, U.S.C. Section 2251(a): COUNT SIX/VICTIM H.M.O.: | |
|---|---|
| BASE OFFENSE LEVEL [U.S.S.G. § 2G2.1] | 32 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(1)(B)] - material involved a minor who had attained the age of 12 years but not the age of 16. | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1 (b)(2)(A)] - offense involved commission of sexual act and sexual contact | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(6)] – use of a computer to entice and/or solicit participation with minor in sexually explicit conduct | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.1(b)(4)] – offense involved material that portrays sadistic of masochistic conduct | +4 |
| TOTAL BASE OFFENSE LEVEL | 42 |

## Multiple Counts Adjustment (USSG §3D1.4)                    Units

| | | |
|---|---|---|
| COUNT ONE Adjusted offense level for Count One: | 44 | 1 |
| COUNT TWO Adjusted offense level for Count Two: | 42 | 1 |
| COUNT THREE Adjusted offense level for Count Three: | 42 | 1 |
| COUNT FIVE Adjusted offense level for Count Five: | 42 | 1 |

COUNT SIX Adjusted offense level for Count Six:          **42**                                    **1**

|  | |
|---|---|
| Total number of Units: | **5** |
| Greater adjusted offense level: | **44** |
| Increase in offense level: | **4** |
| **Combined offense level:** | **48** |

Adjustment for Acceptance of Responsibility:   Since the defendant has timely accepted responsibility for his criminal conduct, the offense level is reduced by three (3) levels, pursuant to USSG §§ 3E1.1(a) and (b).                                    **-3**

**TOTAL OFFENSE LEVEL:** ~~thirty-six~~ *Forty-five*                                    **45**
**SENTENCING RANGE IF CRIMINAL HISTORY I**                                    **Life**

| SENTENCING GUIDELINES CALCULATION TABLE<br>Title 18, U.S.C. Section 2252(a)(4)(B): **COUNT FOUR** | |
|---|---|
| **BASE OFFENSE LEVEL**<br>[U.S.S.G. § 2G2.2] | **18** |
| Specific Offense Characteristic [U.S.S.G. § 2G2.2(b)(2)] - material involved a minor who had not attained the age of 12 years. | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.2(b)(5)] – defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. | +5 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.2(b)(6)] - possession of material resulted from defendant's use of a computer. | +2 |
| Specific Offense Characteristic [U.S.S.G. § 2G2.2(b)(7)(D)] - the offense involved 600 or more images. | +5 |
| Acceptance of responsibility [§ 3E1.1(a)] - Should defendant clearly demonstrate acceptance of responsibility for the offense, defendant's base offense level shall be reduced by three (3) levels. | -3 |
| **TOTAL OFFENSE LEVEL**<br>Assuming a Criminal History Category of I, the sentencing range is | 29<br>(87-108 months) |

ARR
P∮No

8.     **SENTENCE RECOMMENDATION**

In exchange for pleading guilty to all counts in the Superseding Indictment (6 counts in all), admitting the Forfeiture Allegation and waiving his right to appeal, the United States agrees to allow the defendant to argue for a sentence of incarceration as low as 360 months (30 years), while the United States reserves the right to argue for a sentence as high as 456 months (38 years).   The parties further agree to leave in the sound discretion of the Court how much time above 5 years, if any, to which the defendant should be sentenced for supervised release upon release from prison. The defendant agrees that this sentence is reasonable pursuant to Title 18, <u>United States Code</u>, Section 3553 (a).

9.     **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties. The parties agree that any request by the defendant for an adjustment, departure, or a lower sentence will be considered a material breach of this Plea Agreement and the United States will be able to request the withdrawal of the Plea Agreement.

10.     **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties make no stipulation as to defendant's Criminal History Category.

11.     **WAIVER OF APPEAL**

The defendant hereby agrees that if this Honorable Court accepts this agreement and sentences him within the range described in Paragraph 8 above, the defendant waives and surrenders his right to appeal the conviction and sentence in this case.

**12.  SATISFACTION WITH COUNSEL**

The defendant represents to the Court to be satisfied with his counsel, Francisco Adams-Quesada, and indicates that Mr. Adams-Quesada has rendered effective legal assistance.

**13.  RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement.   Defendant understands that the rights of criminal defendants include the following:

a.      If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b.      If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.   The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.   The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.      If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d.      At a trial, the United States would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on defendant's own behalf.   If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e.      At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

## 14.    STATEMENT OF FACTS

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement.   Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

## 15.    LIMITATIONS OF PLEA AGREEMENT

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

## 16.    ENTIRETY OF PLEA AGREEMENT

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel.   The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

17. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

18. **VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

19. **DISMISSAL OF REMAINING COUNTS**

There are no remaining counts to be dismissed.

20. **BREACH AND WAIVER**

The defendant understands and agrees that if the defendant breaches the plea agreement, the defendant may be prosecuted and sentenced for all of the offenses the defendant may have committed. The defendant agrees that if the defendant breaches this plea agreement, the Government reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence.   The defendant also agrees that if he is in breach of this plea agreement, the defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.   The defendant further agrees that if he is in breach of this agreement, the defendant is deemed to have also waived objection to the filing of any additional charges against him.

**21.    IMPACT UPON CONVICTION**

Defendant acknowledges that by pleading guilty and entering into this agreement he will have to Register as a Sex Offender pursuant to the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), which is Title I of the Adam Walsh Child Protection and Safety Act of 2006 (P.L. 109-248) and Title 18, United States Code, Section 2250.   As a registered Sex Offender, defendant further understands that his status as a Sex Offender, and related information, will be made public.   Defendant further acknowledges that he may or may not be required to register for life.

**22.    FORFEITURE PROVISIONS**



a.     Defendant agrees to forfeit to the United States and to relinquish all rights, title and interest defendant may have in any and all materials or property used or intended to be used in the possession and/or production of child pornography.   Such property includes, but is not limited to, the following specific items: a Black "ZT" Laptop Computer; a 2 GB Panasonic SD Card; a 4 GB Toshiba SD Card; a Kodak Z740 Digital Camera, a KDS laptop computer, a generic desktop computer, and I-Phone with its charger and cover, a Motorola cell phone, a PSP and memory card, a Logitech web cam, a VHS tape, a floppy disk, a Kodak tripod, a camera case with cables, several DVDs and several CDs, and an Impact memory card (128 MB) pursuant Title 18, United States Code, Section 2253.

b.     In agreeing to the forfeiture of the amount stated above, defendant acknowledges that such forfeiture is not grossly disproportional to the gravity of the offense conduct to which defendant is pleading guilty.

c.      Defendant understands that upon the signature of this Plea and Forfeiture Agreement all rights and interests in the items described subparagraph (a) above, shall be vested in the United States and defendant will have waived any judicial or administrative claims that defendant may have regarding the forfeiture of said items, including any claim of double jeopardy. The defendant agrees to sign any additional documents that defendants may be required to sign in order to complete the forfeiture proceedings regarding the forfeiture of the above-described items.

**ROSA EMILIA RODRIGUEZ VELEZ**
UNITED STATES ATTORNEY

**José Ruiz-Santiago,**
Chief, Criminal Division,

**Ernesto López,**
Chief, White Collar Crimes Unit,

**Jenifer Hernández**
Assistant United States Attorney,

**Marshal D. Morgan**
Assistant United States Attorney,

**Francisco Adams-Quesada**
Counsel for Defendant,

**Armando Rodriguez-Rodriguez,**
Defendant

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me.   Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the advisory Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case.   I have read this Plea Agreement and carefully reviewed every part of it with my attorney.   I fully understand this agreement and I voluntarily agree to it.

Date:   3/12/13

**Armando Rodriguez-Rodriguez,**
Defendant

I am the attorney for the defendant.   I have fully explained to the defendant his rights with respect to the pending Indictment.   Further, I have reviewed the provisions of the advisory Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case.   I have carefully reviewed every part this Plea Agreement with the defendant.   To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date:   3/14/13

**Francisco Adams-Quesada**
Counsel for Defendant

## GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility.

The United States has provided full discovery to the defendant in accordance with Rule 16 of the Federal Rules of Criminal Procedure.    In addition, all of the witnesses needed by the United States to prove the elements of the offenses charged in the Superseding Indictment remain ready and available to testify.    If this case had gone to trial, the United States would have proven beyond a reasonable doubt all of the elements of the offenses charged in the Superseding Indictment, including the following specific facts:

From in or about April 2007 to in or about August 2009, from in or about June 2005 to in or about January 2010, from in or about January 2009 to in or about April 2009, from in or about June 2009 to in or about January 2010, and from July 2008 to in or about January 2010, respectively, the defendant did employ, use, persuade, induce, entice, or coerce a female minor and four male minors, that is, J.F.H., J.A.C., A.R.M., A.R.O. and H.M.O., to engage in sexually explicit conduct, more specifically, the lascivious exhibition of their genital areas and performing sexual acts, for the purpose of producing visual depictions of such conduct, namely, still and video images, using a digital camera and a computer both of which had been mailed, shipped or transported in interstate or foreign commerce. All in violation of Title 18, United States Code, Section 2251(a).

Pursuant to a law enforcement operation, agents from Homeland Security Investigations, Immigrations and Customs Enforcement (HSI-ICE) received information from the Commonwealth of Puerto Rico law enforcement authorities that the defendant had sexually molested a male minor for several years while he recorded the sexual acts.    Further investigation conducted by HSI ICE Agents led them to the residence of defendant.  On January 28, 2010, ICE Agents executed a search warrant at defendant's residence which resulted in the seizure of a Black "ZT" Laptop Computer; a 2GB Panasonic SD Card; a 4GB Toshiba SD Card; a Kodak Z740 Digital Camera, a KDS laptop computer, a generic desktop computer, an I-Phone with its charger and cover, a Motorola cell phone, a PSP and memory card, a Logitech web cam, a VHS tape, a floppy disk, a Kodak tripod, a camera case with cables, several DVDs and several CDs, and an Impact memory card (128MB).

During all relevant times herein, the defendant would either invite the minors to come to his residence or he would pick them up at their parents' residences and bring them to his residence located in Bayamón, Puerto Rico.  Once at the defendant's residence, defendant would take the minor(s) to his bedroom, and record himself having sexual intercourse (either vaginal penetration with the female minor or anal penetration with the male minors) or having oral sex with one or more minors using a digital camera with a tripod located beside defendant's bed.  The defendant would then transfer the videos from the digital camera onto his laptop computer.  The defendant would also contact at least one of the minors via text messages using coded language indicating his need to see the minor or his wish to engage in sexual conduct.  Defendant would also use a social

network website to lure other minors to come to his home to engage in the same type of sexual conduct. The majority of the images found in defendant's camera and/or computers depicted minor males engaging in sexually explicit acts with other male minors and with the defendant himself; minor males exhibiting their genital areas; a female minor exhibiting her genital areas; and a female minor engaging in sexually explicit acts with the defendant. The defendant would also show one or more of these minors the sexually explicit images that he had recorded.

The visual depictions had traveled in interstate commerce by accessing and downloading the images from the internet onto the computer's hard drive and by storing the images within the computer, all of which were manufactured outside of Puerto Rico, namely Taiwan and China. Six hundred (600) images or more of child pornography were found in the digital media that was seized from the defendant's residence. All five of the minors identified above were under the age of 16 when they were video recorded engaging in sexually explicit conduct. One minor was also a relative of the defendant and was under the defendant's custody and control when the acts occurred.

The evidence the government would have presented at trial includes, inter alia, the testimony of law enforcement agents and digital forensic experts, the testimony of the minor victims, the contraband images seized from the defendant's computer and digital camera, as well as text messages exchanged between the defendant and one or more of the victims.

Full discovery has been provided.

_____
**Marshal D. Morgan**
Assistant U.S. Attorney
Date: _12/28/12_

_____
**Armando Rodriguez-Rodriguez,**
Defendant
Date: _____3/12/13_____

_____
**Francisco Adams-Quesada**
Counsel for Defendant
Date: ___3/12/13___