AO 245B  (Rev. 09/08) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT

### JUDICIAL DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| ARMANDO RODRIGUEZ-RODRIGUEZ | ) | Case Number: 3:10-CR-0066-01 (FAB) |
| | ) | USM Number: 34477-069 |
| | ) | Francisco Adams-Quesada, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One (1) through Six (6) of the Superseding Indictment on 3/26/2013

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. § 2251(a) | Sexual Exploitation of Children | 01/28/2010 | 1s |
| 18 U.S.C. § 2251(a) | Sexual Exploitation of Children | 01/28/2010 | 2s |
| 18 U.S.C. § 2251(a) | Sexual Exploitation of Children | 01/28/2010 | 3s |
| 18 : 2252(a)(4)(B) | Activities re Material Constituting / Containing Child Porno | 01/28/2010 | 4s |
| 18 U.S.C. § 2251(a) | Sexual Exploitation of Children | 01/28/2010 | 5s |
| 18 U.S.C. § 2251(a) | Sexual Exploitation of Children | 01/28/2010 | 6s |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are  dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 26, 2013
Date of Imposition of Judgment

s/ Francisco A. Besosa
Signature of Judge

Francisco A. Besosa                    U.S. District Judge
Name and Title of Judge

March 26, 2013
Date

AO 245B    (Rev. 09/08) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page 2 of 8

DEFENDANT:    ARMANDO RODRIGUEZ-RODRIGUEZ
CASE NUMBER:  3:10-CR-0066-01 (FAB)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Thirty (30) years as to Counts One, Two, Three, Five and Six, to be served concurrently with each other, and to a term of eight (8) years as to Count Four, to be served consecutively to the term of 30 years imposed. The total imprisonment term of 38 years to be served consecutively to the 15 year sentence imposed on him by the Commonwealth Court, Bayamon Superior Division in Cases # DIS2010G0056 to 0069.

☑ The court makes the following recommendations to the Bureau of Prisons:
-The Court recommends that the defendant be designated to serve his sentence in Devens, MA.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____  ☐ a.m.  ☐ p.m.  on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

DEFENDANT: ARMANDO RODRIGUEZ-RODRIGUEZ
CASE NUMBER: 3:10-CR-0066-01 (FAB)

Judgment—Page 3 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

The rest of his natural life.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

DEFENDANT: ARMANDO RODRIGUEZ-RODRIGUEZ
CASE NUMBER: 3:10-CR-0066-01 (FAB)

Judgment—Page 4 of 6

## ADDITIONAL SUPERVISED RELEASE TERMS

1. He shall observe the standard condition of supervised release recommended by the United States Sentencing Commission and adopted by this Court.

2. He shall not commit another Federal, state, or local crime.

3. He shall not possess firearms, destructive devices, or other dangerous weapons.

4. He shall not possess controlled substances unlawfully.

5. He shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the probation officer, the Bureau of Prisons, or any state, U.S. Territory or Indian Tribe, or any sex offender registration agency where he may reside, work, be a student, carry on a vacation, or was convicted of a qualifying offense.

6. He shall undergo a sex-offense-specific evaluation or participate in a sex offender or mental health treatment program arranged by the Probation Officer. He shall abide by all rules, requirements, and conditions of the sex offender or mental health treatment program, including submission to testing, such as polygraph, penile plethysmograph (PPG), Abel Assessments, visual reaction testing or any other testing available a the time of this release. He shall waive his right of confidentiality in any record for sex offender or mental health assessment and treatment and shall sign any necessary release for any record imposed as consequence of this judgement, to allow the probation officer to review his course of treatment and progress with the treatment provider. Mr. Rodriguez is required to contribute to the costs of those services, based on his ability to pay or the availability of payments by third parties. He shall submit to an initial polygraph examination and subsequent maintenance testing at intervals to be determined by the probation officer, to assist in treatment planning and case monitoring and as a means to insure that he is in compliance with the requirements of his supervision or treatment program.

7. He shall participate in an approved inpatient or outpatient mental health treatment program. The treatment will be determined by the probation officer, in consultation with the treatment provider; the modality, duration, and intensity of treatment may be adjusted to the risk and needs presented by Mr. Rodriguez. The treatment will permit flexible movement along the continuum of care (outpatient, intensive outpatient, residential, and hospitalization), and shall provided for timely intervention in response to Mr. Rodriguez's progress or regression. When medication is ordered by a physician, Mr. Rodriguez must comply with the medication regime.

8. He shall not use controlled substances unlawfully, and shall submit to a drug test within fifteen (15) days of release from imprisonment; after his release, he shall submit to random drug testing, not less than three (3) samples during the supervision period, but not to exceed 104 samples per year, in accordance with the Drug Aftercare Program Policy of the U.S. Probation Office and has been approved by this Court. If substance abuse is detected in any sample, Mr. Rodriguez shall participate in an in-patient or an out-patient substance abuse treatment program, for evaluation or treatment, as arranged by the U.S. Probation Officer, until he is duly discharged. Mr. Rodriguez is required to contribute to the cost of those services, in an amount arranged by the U.S. Probation Officer, based on his ability to pay or, the availability of payments by third parties.

9. He shall not purchase, possess, use, or administer any alcohol or frequent any business whose primary function is to serve alcoholic beverages.

10. Defendant shall have no personal contact with minors under the age of 18 through mail, letters, telephone communication, audio or visual devices, computer, electronic devices, visits, social networking sites, or third parties, not covered by any other condition, and shall not have unsupervised contact with minors unless approved in advanced by the Probation Officer, except for incidental contact during normal commercial life.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
               Sheet 3A — Supervised Release

DEFENDANT: ARMANDO RODRIGUEZ-RODRIGUEZ
CASE NUMBER: 3:10-CR-0066-01 (FAB)

Judgment—Page 5 of 8

## ADDITIONAL SUPERVISED RELEASE TERMS

11. He shall have no personal contact with the victims through mail, letters, telephone communication, audio or visual devices, computer, electronic devices, visits, social networking sites, or third parties, unless approved in advanced by the Probation Officer, except for incidental contact during normal commercial life.

12. He shall submit himself to a search, as well as a search of his residence, vehicles, office papers, computers, and other electronic communication or data storage devices or media, and effects, at any time, with or without a warrant, by the probation officer, and if necessary, with the assistance of any other law enforcement officer (in the lawful discharge of the supervision functions of the probation officer) with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervised release. The probation officer may seize any electronic device which will be subject to further forensic investigation or analyses. Failure to submit to a search or seizure may be grounds for revocation of supervised release. Mr. Rodriguez shall warn any other resident or occupant that their premises may be subject to search pursuant to this condition.

13. If Mr. Rodriguez possesses a cellular telephone, it shall be restricted to incoming and outgoing calls and voice messaging system. No additional features shall be allowed without prior approval by the probation officer.

14. He shall not engage in any occupation, business, or profession bearing a reasonable direct relationship to the conduct constituting the offense. Mr. Rodriguez shall not work with children under the age of 18, or hold jobs which would give him authority over potential victims, or would give him access to vulnerable populations or would place him in settings near a school or playground. Any employment must be approved in advance by the Probation Officer, who will make an assessment of the job placement and set employment restrictions based on the Sex Offender Management Procedures Manual. Mr. Rodriguez shall consent to disclosure of his condition to any employer or potential employer.

15. He shall not associate with individuals with whom he has previously traded illicit material; a family member or friend under criminal justice supervision for a sex crime; or an identified past victim, unless in a therapeutic setting and with the permission of the US Probation Officer.

16. He shall not participate in any volunteer activity or become involved in any children's or youth organization or any group that my cause him to to come into direct contact with children under the age of 18, except under the circumstances approved in advanced by the probation officer.

17. He shall provide the U.S. Probation Officer access to any requested personal or business financial information, upon request.

18. He shall cooperate in the collection of DNA samples as directed by the U.S. Probation Officer, pursuant to the Revised

19. He shall not view, use, possess, purchase, distribute or subscribe to any form of pornography, erotica or sexually stimulating visual or auditory material, electronic media, computer program or service including but not limited to videos, movies, pictures, magazines, literature, books, or other products depicting images of nude adults or minors and sexually explicit material. Mr. Rodriguez shall not enter any location where pornography, erotica or sexually stimulating visual or auditory material may be accessed, obtained or viewed, including adult pornography shops, strip or topless clubs, massage parlors, or any business where the primary function is to provide pornography or sexual services. He shall not access via computer any "material" that relates to the activity in which he was engaged in committing the instant offense, namely child pornography.

20. Internet: He shall not have access to the Internet at his place of residence, unless approved by the U.S. Probation Officer.

AO 245B     (Rev. 09/08) Judgment in a Criminal Case
                Sheet 3A — Supervised Release

DEFENDANT: ARMANDO RODRIGUEZ-RODRIGUEZ
CASE NUMBER: 3:10-CR-0066-01 (FAB)

Judgment—Page 6 of 8

## ADDITIONAL SUPERVISED RELEASE TERMS

21. He shall not possess or use a computer, or any other device with internet accessing capability, at any time or place without prior approval from the probation officer. This condition includes access through an internet service provider, bulletin board service, e-mail system, or any public or private computer network system.

22. He shall not be allowed to reside in a home, or residence, or be in the company of any child under the age of 18, or date or socialize with anybody who has children under the age of 18, unless previously approved by the Probation Officer and after a third party risk has been duly signed. Mr. Rodriguez shall maintain a suitable residence, approved by the Probation Officer, which complies with all the conditions of supervision and with residency and movement restrictions of the jurisdiction (s) where Mr. Rodriguez may reside, work, attend school or is allowed to visit. He shall obtain prior approval from the Probation Officer before changing residences. He shall stay a his approved residence every night and will not sleep or stay overnight anywhere else without prior approval from the U.S. Probation Officer.

23. Unless approved in advance by the Probation Officer, he shall not loiter within one hundred (100) feet of any area or event frequented by people under the age of 18 including, but not limited to : schools, day care centers, playgrounds, arcades, swimming pools, beaches, theaters or shopping malls may also be restricted at the discretion of the Probation Officer.

AO 245B     (Rev. 09/08) Judgment in a Criminal Case
               Sheet 5 — Criminal Monetary Penalties

DEFENDANT: ARMANDO RODRIGUEZ-RODRIGUEZ  
CASE NUMBER: 3:10-CR-0066-01 (FAB)

Judgment — Page 7 of 8

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 600.00 | $ 0.00 | $ |

☑ The determination of restitution is deferred until 6/24/2013. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

     ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

Judgment — Page  8  of  8

DEFENDANT: ARMANDO RODRIGUEZ-RODRIGUEZ
CASE NUMBER: 3:10-CR-0066-01 (FAB)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☐   Lump sum payment of $ _____ due immediately, balance due

        ☐   not later than _____ , or
        ☐   in accordance   ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:

   A black "ZT" laptop computer, a 2GB Panasonic SD card, a 4GB Toshiba SD card, a Kodak Z740 digital camera, a KDS laptop computer, a generic desktop computer, an iPhone with its charger and cover, a Motorola cell phone, a PSP and memory card, a Logitech webcam, a VHS tape, a floppy disk, a Kodak tripod, a camera case with cables, several DVDs and several CDs, and an Impact memory card (128MB).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.